# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | Criminal Action No. 6:03-cr-16 |
| **BILLY EUGENE BROWN,** | : | |
| | : | |
| Defendant. | : | |
| _____ | | |

## ORDER

Defendant, Billy Eugene Brown, has filed a Motion for an Order Granting Defendant a Copy of the Trial Transcripts for Use in Preparing his Motion under 28 U.S.C. § 2255 [doc 39]. Brown maintains, not unreasonably, that the transcripts would assist him in preparing the 28 U.S.C. § 2255 motion he intends to file in this case. Nowhere in the Motion does Brown request that he be allowed to obtain the transcripts without payment of fees. However, since Brown is entitled to purchase the transcripts, without permission of the Court, the Court will assume that his Motion is intended to request that the fees for the transcripts be paid by the United States, rather than by him.

Payment of fees for transcripts is governed by 28 U.S.C. § 753(f), which provides, in part, as follows:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C.A. § 753(f) (West 1983).  Brown's request for transcripts is for a proceeding under § 2255.  Thus, in order to have the fees for his transcripts paid for by the United States, he must satisfy two criteria: he must be permitted to proceed in forma pauperis and the trial judge must certify that the suit is not frivolous and that the transcript is needed to decide the issues presented by the suit.  Because neither of these criteria can be satisfied at this stage of the litigation, Brown cannot obtain the transcripts without payment of fees.

The former Fifth Circuit has construed § 753(f) to mean that an indigent prisoner is not entitled to have the government pay the fees for a copy of his transcript until he actually files his § 2255 application.  Skinner v. United States, 434 F.2d 1036, 1037 (5th Cir. 1970).  Brown has yet to file a motion under § 2255.  Thus, Brown's motion, insofar as it seeks transcripts at no cost to him, is denied without prejudice to Brown's right to later petition the Court for free transcripts.

If Brown continues to be of the opinion that the transcripts are necessary to the filing of his § 2255 motion, he is, of course, entitled to obtain the transcripts at his own expense.  Because Brown filed an appeal, transcripts of his trial and related proceedings have been prepared and made a part of the Court's file.  Brown thus has two options available to him.  He may purchase copies from the court reporter, or he can contact the attorney who represented him on appeal and request that the attorney provide him with the transcripts from the attorney's file, if those are still available.  However, he cannot, at present, obtain those

transcripts at no cost and, therefore, his motion is denied.

**SO ORDERED**, this the 9th day of September, 2005.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls